UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

SALLY MELLINGTON,

    Plaintiff,

v.

ROYAL CARIBBEAN GROUP f/k/a
ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff sues Defendant and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, SALLY MELLINGTON, is a citizen of the state of Kentucky.

2. Defendant, ROYAL CARIBBEAN GROUP f/k/a ROYAL CARIBBEAN CRUISES, LTD., ("RCCL") is a foreign entity with its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. Defendant, at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statute §§ 48.081, 48.181 and/or 48.193;

    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

    f. The cruise line ticket for the Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

5. Defendant is subject to the jurisdiction of the courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7. Defendant RCCL, as a common carrier, was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, *Allure of the Seas*.

## FACTS COMMON TO ALL COUNTS

8. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Allure of the Seas* ("the vessel").

9. At all times material hereto, Defendant had exclusive custody and control of the vessel.

10. On or about September 27, 2021, Plaintiff was a paying passenger aboard the vessel, which was in navigable waters.

11. On or about the daytime of September 27, 2021, the Plaintiff was walking from an inside area to an outside area, when she suddenly and without warning slammed into an unmarked clear glass panel just past the area she just exited. As a result of the impact with the clear, unmarked glass panel Plaintiff sustained personal injury.

- 3 -

## COUNT I – GENERAL NEGLIGENCE

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eleven (11) as though alleged originally herein.

12. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

13. On or about the above date, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

   a. Failure to provide and/or utilize a reasonably safe safety decal in light of the anticipated use of the panel; and/or

   b. Failure to provide and/or utilize a reasonably safe walkway in light of the anticipated use of the area; and/or

   c. Failure to provide and/or utilize a reasonably safe exit area in light of the anticipated use of the area; and/or

   d. Failure to identify the dangerous and/or hazardous condition(s) which caused Plaintiff's injury; and/or

   e. Failure to use contrasting colors, patterns, or discernable markings on the clear panel to adequately mark the hazard; and/or

   f. Failure to utilize a reasonably safe wind blocking structure without unmarked and/or hidden dangers in light of the anticipated traffic and anticipated purpose of the area; and/or

   g. Failure to properly mark the hazards in the area so as to adequately call passengers attention to them; and/or

    h. Failure to correct hazardous conditions following prior incidents on the same or similar clear panels; and/or

    i. Failure to incorporate applicable standards, including the ASTM and/or the Americans with Disabilities Act (ADA), to glass panel in areas open to passengers like the Plaintiff; and/or

    j. Other acts or omissions constituting a breach of duty to use reasonable care under the circumstances which are revealed through discovery.

14. The above acts and/or omissions caused and/or contributed to the Plaintiff being injured because Plaintiff would not have been injured but for the above acts and/or omissions.

15. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them. Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area. *See generally Robert Zygarlowski v. Royal Caribbean Cruises Ltd.*, Case No. 11-cv-21340-JAG (S.D. Fla. 2011) (decal missing); *Jones as Parent and Natural Guardian of B.A.J., a Minor* v. *Royal Caribbean Cruises Ltd.*, Case No. 20-cv-21241-CMA (S.D. Fla. 2020) (hit head on glass window pane). Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

16. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired. The injuries are

- 5 -

permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant.

### COUNT II – NEGLIGENT FAILURE TO WARN

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eleven (11) as though alleged originally herein.

17. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

18. At all times material hereto, it was the duty of Defendant to warn passengers (like the Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like the Plaintiff) are invited to or may reasonably be expected to be.

19. On or about the above date, the Plaintiff was walking from an inside area to an outside area aboard Defendant's vessel, which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

20. On or about the above date, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

   a. Failure to adequately warn the Plaintiff of the dangers posed by the clear glass window; and/or

   b. Failure to adequately warn the Plaintiff of the existence of the hazard when coming from an inside area, to an outside area; and/or

LIPCON, MARGULIES & WINKLEMAN, P.A.

    c. Failure to adequately warn passengers and Plaintiff of other accidents previously occurring; and/or

    d. Failure to place warnings on the window in light of the anticipated hazard; and/or

    e. Failure to correct hazardous conditions following prior incidents without proper warnings on the same or similar clear panels; and/or

    f. Failure to correct hazardous conditions following prior incidents without proper warnings/decals on known dangers; and/or

    g. Failure to use appropriate visual cues to alert passengers of the subject window when exiting the inside area of the vessel; and/or

    h. Failure to promulgate and/or enforce adequate policies and procedures to ensure that passengers like the Plaintiff are warned of the danger posed by the window.

21. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have been injured had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

22. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them. Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area. *See generally Robert Zygarlowski v. Royal Caribbean Cruises Ltd.,* Case No. 11-cv-21340-JAG (S.D. Fla. 2011) (decal missing); *Jones as Parent and Natural Guardian of B.A.J., a Minor v. Royal Caribbean Cruises Ltd.*, Case No. 20-cv-21241-CMA (S.D. Fla. 2020) (hit head on glass window pane). Alternatively, the foregoing conditions existed for a sufficient length of time so that

- 7 -

Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

23. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant.

### COUNT III – NEGLIGENT FAILURE TO MAINTAIN

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eleven (11) as though alleged originally herein.

24. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

25. At all times material hereto, it was the duty of Defendant to maintain the vessel, including the subject window, in a reasonably safe condition.

26. On or about the above date, Defendant and/or its agents, servants, and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

   a. Failure to maintain the subject area free of hazards; and/or
   b. Failure to maintain the area free of hazards; and/or

    c. Failure to maintain the subject window pane in a manner consistent with other windows in the area; and/or

    d. Failure to adequately inspect the area where Plaintiff's incident occurred for hazards; and/or

    e. Failure to adequately, timely, and regularly inspect and maintain the clear glass panel in a reasonably safe condition; and/or

    f. Failure to promulgate and/or enforce adequate policies and procedures to ensure that the subject area is adequately and regularly inspected, monitored, and maintained free of hazards; and/or

    g. Failure to promulgate and/or enforce adequate policies and procedures to inspect and/or maintain the clear glass panel in a reasonably safe condition.

27. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject area.

28. At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them. Defendant's knowledge of the foregoing condition(s) was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area. *See generally Robert Zygarlowski v. Royal Caribbean Cruises Ltd.,* Case No. 11-cv-21340-JAG (S.D. Fla. 2011) (decal missing); *Jones as Parent and Natural Guardian of B.A.J., a Minor v. Royal Caribbean Cruises Ltd.*, Case No. 20-cv-21241-CMA (S.D. Fla. 2020) (hit head on glass window pane). Alternatively, the foregoing conditions existed for a sufficient length of time so that

Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

29. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant.

Dated: September 20, 2022

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
One Biscayne Tower, Suite 1776
2 S. Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Michael A. Winkleman*
**MICHAEL A. WINKLEMAN**
Florida Bar No. 36719
mwinkleman@lipcon.com
**MARC E. WEINER**
Florida Bar No. 91699
mweiner@lipcon.com